**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV204
(1:03CR65)**

| | |
|---|---|
| **PATRICIA REYES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's motion
pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence,
an application to proceed without the prepayment of fees, and an *ex parte*
motion for the appointment of counsel. No response is necessary from the
Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence
on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein, and denies her motions to proceed without prepayment of fees and for the appointment of counsel.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On August 4, 2003, the Petitioner and a co-defendant were charged in a bill of indictment with one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1) and 851. **Bill of Indictment, filed August 4, 2003.**

On October 27, 2003, the Petitioner "in person and through counsel" entered into a plea agreement with the Government wherein she agreed to plead guilty to the single count of the indictment. **Plea Agreement, filed**

**October 27, 2003, at 1.**  The plea agreement set forth the minimum and maximum sentences for the count to which the Petitioner was entering a plea.  The Petitioner faced a minimum sentence of 10 years but no more than life imprisonment, a $4 million fine, and a term of not less than five years of supervised release.  *Id.*  The Petitioner also agreed that the amount of methamphetamine that was known to or reasonably foreseeable to her was at least 1.5 kilograms but less than 5 kilograms of a mixture containing a detectable amount of methamphetamine.  *Id., at 2.*  In addition, the Government agreed to an "additional one-level reduction" in the offense level provided the Petitioner acknowledged her role in all the relevant criminal conduct and assisted the authorities in the investigation.  *Id.*  The Petitioner further agreed that her sentence would be "in conformity with the *United States Sentencing Guidelines*" and that any sentence imposed would be without parole.  *Id., at 1-2.*

On December 15, 2003, the Petitioner appeared before the Magistrate Judge for a Rule 11 hearing and entered her guilty plea.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed December 15, 2003.**  After being placed under oath by the Magistrate Judge, the Petitioner made the following representations: that she had reviewed the indictment

and the plea agreement with her attorney; that her mind was clear and her purpose was to enter her plea of guilty; that she understood the minimum and maximum punishments for Count One; she understood the elements of the offense the Government would be required to prove beyond a reasonable doubt if there had been a trial in the matter; that the Court would be required to consider the applicable Sentencing Guidelines with limited right of departure; that by pleading guilty, she understood she was waiving her right to a jury trial; that she was pleading guilty because she was in fact guilty of the offense; that her plea of guilty was "voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement;" that she was "entirely satisfied with the services of her attorney;" that she had reviewed the Sentencing Guidelines with her attorney and understood how they may apply to her case; and that she had no questions or comments regarding the proceeding and asked the Court to accept her guilty plea. ***See generally*, Rule 11, *supra*.** As is the custom in this Court, the Magistrate Judge completed the Rule 11 form and recorded the Petitioner's answers to the questions; the Petitioner and her attorney then signed the Rule 11 form, and the Petitioner's guilty plea was accepted by the Court. ***Id*., at 8-9.**

Petitioner's presentence report reveals that she completed tenth grade, and even though she participated in an independent study program, she has never obtained her high school diploma or GED. **Presentence Investigation Report, prepared March 10, 2004, revised May 10, 2004, at 10.** It was also noted during Petitioner's Rule 11 inquiry, that she was taking prenatal vitamins and was under a doctor's care due to her pregnancy. **Rule 11 Inquiry, at 2.** Nevertheless, the Petitioner assured the Magistrate Judge at the Rule 11 hearing that her mind was clear and she understood what she was doing. *Id.*, **at 3.**

On May 26, 2004, the Petitioner was sentenced to a term of 96 months imprisonment on Count One. **Judgment in a Criminal Case, filed June 7, 2004.** At the conclusion of the sentencing hearing, the Petitioner was advised by the undersigned that she had a right to appeal at Government expense on the grounds of ineffective assistance of counsel or prosecutorial misconduct, if either ground existed, by filing a written notice of appeal with the Clerk of Court within 10 days of entry of final judgment. The Petitioner acknowledged to the Court that she understood these rights. However, she did not file a notice of appeal nor does she contend she requested counsel to do so.

### III.  DISCUSSION

The Petitioner argues that counsel was ineffective because he agreed that the Sentencing Guidelines would apply.  She also charges that she was denied her right to appeal by waiving such right in her plea agreement and she was not afforded "the opportunity to preserve this right" and that her emotional state at the time she entered her plea was such that she "could not have clearly understood the impact of that part of the plea agreement."  *See* **Petitioner's Motion, filed May 6, 2005, at 2-3.** She further argues that the guideline sentence imposed by the Court violated her constitutional rights as recognized by the Supreme Court in *Apprendi v. New* Jersey, 530 U.S. 466 (2000), Blakely *v. Washington State*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  ***See generally*** **Petitioner's Memorandum in Support of Motion to Vacate, filed January 17, 2006.**

To the extent that the Petitioner raises grounds based on anything other than ineffective assistance of counsel or prosecutorial misconduct, she waived her right to raise such issues in a motion pursuant to § 2255 in her plea agreement.  Based on the Petitioner's plea agreement, her signature on the Rule 11 Inquiry, the advice she received from the Court at

the Rule 11 hearing, and her representations in open court during that hearing, the Court finds Petitioner made a knowing and voluntary waiver of the right to attack her conviction or sentence by a collateral proceeding such as a § 2255 motion. ***See, United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing and voluntary. . . . [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (internal quotations and citations omitted)); *United States v. General*, 278 F.3d 389 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994); *see also, United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (holding that the Government as well as the defendant should receive the benefit of a binding plea agreement).**

As noted above, the Petitioner was advised of her right to appeal, how to exercise this right, and stated she understood these rights as had been explained to her by the Court. She did not file a notice of appeal; she

cannot now deny her understanding of her right to appeal as a basis on which to claim ineffective assistance of counsel.

In considering Petitioner's claims that she has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). Unless a defendant makes both showings, her claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different. *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) **(In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).** If the defendant

fails to make the first showing, there is no need to consider the second. ***Strickland, supra***.

In her plea agreement and during the Rule 11 colloquy, the Petitioner demonstrated her understanding of the Sentencing Guidelines and her agreement to be bound by the same. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." ***Lemaster*, 403 F.3d at 221-22. (internal citations omitted).** As recorded during the Rule 11 hearing, the Petitioner acknowledged that she had told her attorney everything she wanted him to know, had discussed the plea agreement, the sentencing guidelines and her possible sentence and wanted the Court to accept her plea. ***Id.* (rejecting defendant's argument that his attorney had failed to inform or misinformed him of the potential punishment).** Indeed, the Petitioner told the Court that she was very satisfied with her attorney's performance.

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Finally, the Petitioner claims she is entitled to relief based on the *Apprendi, Blakely* and *Booker* decisions. The Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. Besides the fact that the Petitioner entered into a guilty plea, she is mistaken that *Apprendi* would apply to her case in any event because her sentence is not beyond the prescribed statutory maximum. ***See, e.g., United States v. Bradford*, 7 F. App'x 222, 223 n.\* (4th Cir. 2001) (citing *United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001)).**

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. ***United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v.***

***United States*, 400 F.3d 864 (11th Cir.), *cert. denied*, 126 S. Ct. 312**

**(2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir.), *cert.***

***denied*, 126 S. Ct. 442 (2005); *Green v. United States*, 397 F.3d 101,**

**103 (2d Cir. 2005); *United States v. Marshall*, 117 F. App'x 269 (4th Cir.**

**2004).**  The Petitioner's conviction became final on June 17, 2004, prior to

the *Blakely* decision on June 24, 2004, and could not be retroactively

applied in any event.  It is also noted that contrary to the *Blakely* ruling, no

aggravating factors were considered in Petitioner's sentencing.  ***See***

**Presentence Report, *supra*, at 7-8.**

Petitioner's claim for relief pursuant to *United States v. Booker*  is

rejected as well.  In *Booker*, the Supreme Court held that the United States

Sentencing Guidelines, as a mandatory sentencing procedure, are

unconstitutional but that they may be used as an advisory guide by

sentencing courts.  The Fourth Circuit, as well as every circuit court which

has addressed the issue of whether *Booker* may be applied retroactively to

cases on collateral review, has held that *Booker* is not retroactive.  ***United***

***States v. Morris*, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new**

**rule of constitutional law, it is not a watershed rule and therefore**

**does not apply retroactively to cases on collateral review.); *United***

*States v. Fowler*, 133 F. App'x 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Green*, *supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

Petitioner's motion for appointment of counsel to pursue her § 2255 claim is likewise denied. "We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today." *Pennsylvania v. Finley*, **481 U.S. 551, 555 (1987) (internal citations omitted)**. Title 18, United States Code, § 3006A(a)(2) provides for the appointment of counsel in a § 2255

proceeding if the Court "determines that the ends of justice so require." Rule 8(e) of the Rules Governing § 2255 Proceedings requires appointment of counsel only where hearings are held.

In this case, the Petitioner has made no showing that the "interests of justice" require such an appointment and the Court dismisses the Petitioner's § 2255 motion without hearing as being void of merit. ***See United States v. Riley*, 21 F. App'x 139 (4th Cir. 2001).**

Because there is no filing fee required for § 2255 actions, the Petitioner's motion to proceed without prepayment of fees is denied as moot.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's application to proceed without the prepayment of fees is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that the Petitioner's motion for the appointment of counsel is **DENIED**; and

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** A Judgment is filed herewith.

14

Signed: October 12, 2006

Lacy H. Thornburg
United States District Judge